**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3789

_____

RAFAEL K. CHIEKE,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
JOHN E. WETZEL; SHIRLEY MOORE SMEAL; CHRISTOPHER OPPMAN;
WILLIAM D. SPRENKLE; KATHRYN MCVEY; MARC GOLDBERG; TY
STANTON; TIMOTHY MUSSER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1:17-cv-00003)
District Judge: Honorable Matthew W. Brann

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 2, 2020

Before: KRAUSE and PHIPPS, *Circuit Judges*, and BEETLESTONE,[*] *District Judge*.

(Filed: July 8, 2020)

_____

_____

[*] Honorable Wendy Beetlestone, United States District Court for the Eastern District
of Pennsylvania, sitting by designation.

_____

KRAUSE, *Circuit Judge*.

Rafael Chieke appeals the District Court's grant of summary judgment in favor of his former employer and supervisors, collectively the Pennsylvania Department of Corrections (DOC), on his various Title VII claims of discrimination, hostile work environment, and retaliation, as well as parallel claims brought under the Pennsylvania Human Relations Act (PHRA). For the following reasons, we will affirm.

## I.     Discussion[1]

We begin with Chieke's various Title VII and PHRA claims based on events prior to October 25, 2015 and February 26, 2016. Chieke concedes that those claims are time-barred unless he establishes a "continuing violation," *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013); *see also* 42 U.S.C. § 2000e-5(e)(1); 43 Pa. Stat. and Cons. Stat. Ann. § 959(h), which he attempts to do by arguing that the acts of discrimination he allegedly suffered amounted to a hostile work environment. At issue, however, are discrete acts—failure to reclassify, failure to promote, and constructive termination—each

_____

[†] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a) and we have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo and will affirm if "there is no genuine dispute as to any material fact" and if, viewing the facts in the light most favorable to Chieke, the DOC is nonetheless "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).

of which is individually actionable and therefore may not be aggregated to make a "continuing violation."[2] *See O'Connor v. Newark*, 440 F.3d 125, 127 (3d Cir. 2006). Accordingly, the District Court properly determined that claims based on actions outside of the statutory periods were time-barred.

What remains of Chieke's disparate treatment and retaliation claims fails on the merits.[3] Both of these claims are governed by the three-step burden-shifting framework of *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). *See Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017) (retaliation); *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999) (disparate treatment). And regardless of whether Chieke established a prima facie case on either claim, both fail at step three—the requirement that the plaintiff establish that the legitimate, nondiscriminatory reason proffered by the employer for the adverse action is pretextual, *Carvalho-Grevious*, 851 F.3d at 257.

---

[2] Because these "individually actionable allegations cannot be aggregated" to form a hostile work environment claim, *O'Connor*, 440 F.3d at 127, Chieke's hostile work environment claim also fails on the merits. And in any case, Chieke has not established the kind of "severe or pervasive" discrimination required to succeed on that claim. *See Jensen v. Potter*, 435 F.3d 444, 449 (3d Cir. 2006).

[3] In his briefing, Chieke also mentions, but arguably failed to preserve, a constructive discharge claim which he only notes in passing and which is not the subject of any argument. *See United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005). Even if this claim is not waived, however, Chieke has not established the elements of a constructive discharge claim, which requires evidence that an employer "knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign," *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1084 (3d Cir. 1996).

Here, the DOC proffered a legitimate, nondiscriminatory reason for failing to reclassify Chieke's position: At the time of Chieke's request, the DOC was merging with the Pennsylvania Board of Probation and Parole, and there was not an apparent need to reclassify his position under that circumstance. Chieke attempts to establish pretext by arguing that because he had consistently received exemplary performance reviews, the DOC's decision to not reclassify his position must have been discriminatory. But because he fails to present evidence "contradicting the core facts" put forward by the DOC, *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 467 (3d Cir. 2005), this assertion is insufficient to meet his burden. Likewise, Chieke failed to rebut the DOC's nondiscriminatory explanation that it denied Chieke's request for additional staff and funds because Chieke was able to meet his goals with current staffing levels.

## II.  Conclusion

For the foregoing reasons, we will affirm the District Court's grant of summary judgment.